1
2
3
4              IN THE UNITED STATES DISTRICT COURT
5            FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7   IRIS GONZALEZ, ET AL.,                Case No.  16-cv-02087-MMC
8          Plaintiffs,                    **ORDER GRANTING IN PART,
                                          DENYING IN PART, AND DEFERRING
9        v.                               RULING IN PART ON DEFENDANTS'
                                          MOTION TO DISMISS; SETTING
10  MAZDA MOTOR CORPORATION, et al.,      SUPPLEMENTAL BRIEFING
                                          SCHEDULE**
           Defendants.
11
12
13          Before the Court is defendants Mazda Motor Corporation and Mazda Motor of

14  America, Inc.'s (collectively, "Mazda") motion, filed September 23, 2016, by which Mazda

15  seeks, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, an order dismissing

16  certain of the claims alleged in the First Amended Complaint.  Plaintiffs Megan Humphrey

17  and Matthew Ochmanek (collectively, "California Plaintiffs") and plaintiffs Iris Gonzalez,

18  Charles Bunch, Anne Stom, David Woodward, Greg Thomason, Lisa Massa, Dan

19  Carney, Lorie Bender, Andrew Bauer, Linda Foley, Lou Graziani (collectively, "Non-

20  California Plaintiffs")[1] have filed opposition, to which Mazda has replied.  The matter

21  came on regularly for hearing on December 2, 2016.  Bryan L. Clobes and Daniel

22  Oswaldo Herrera of Cafferty Clobes Meriwether Sprengel LLP appeared on behalf of

23  plaintiffs.  Michael Lawrence Mallow of Sidley Austin LLP appeared on behalf of Mazda.

24          The Court, having considered the parties' respective written submissions and the

25  arguments of counsel at the hearing, rules as follows.

26  //

27  _____

28          [1] The Court hereinafter refers to each plaintiff individually by his or her surname.

**A.  First Cause of Action (California Consumer Legal Remedies Act**)[2]

Mazda moves to dismiss the claims of the Non-California Plaintiffs[3] on the ground such claims "should be governed by the consumer protection laws of the jurisdiction[s] in which the transaction[s] took place."  (See Mot. at 4:25-5:5 (quoting Mazza v. Am. Honda Co., 666 F.3d 581, 594 (9th Cir. 2012))).  In response, plaintiffs contend the resolution of such issue at this time would be premature.  The Court, for the reasons stated on the record at the hearing, finds "this is not a case in which further development of the factual record is reasonably likely to materially impact the choice of law determination," see Cover v. Windsor Surry Co., No. 14-CV-05262-WHO, 2016 WL 520991, at *5 (N.D. Cal. Feb. 20, 2016), and, consequently, finds it appropriate to make such determination at this stage of the proceedings.[4]  The sole remaining issue is the whether there are "material differences" between California law and the laws of the states in which the transactions took place.  See Mazza, 666 F.3d at 590.  Although plaintiffs confined their opposition to the first of the above-referenced two issues, prematurity, given the significance of the second, material differences, the Court will afford plaintiffs the opportunity to file supplemental briefing, and hereby DEFERS ruling thereon until such briefing is complete.[5]

---

[2] The First, Second, Third, Fourth, and Fourteenth Causes of Action are brought on behalf of all plaintiffs.  The remaining causes of action are brought on behalf of certain of the plaintiffs as indicated below.

[3] Mazda has withdrawn its motion to the extent the First Cause of Action is brought on behalf of Ochmanek, one of the California Plaintiffs (see Reply at 6:20 n.7), and, accordingly, the Court does not address such claim herein.

[4] To the extent Mazda moves to dismiss the First, Second, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Twelfth Causes of Action on the ground that the allegations of fraud set forth therein are not pleaded with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, the motion, for the reasons stated on the record at the hearing, is hereby DENIED.

[5] Although Mazda argues such additional briefing is unnecessary, pointing out that the Ninth Circuit in Mazza reviewed an appendix purporting to reflect the differences between the consumer protection laws of California and 43 other states, see Mazza, 666 F.3d at 591, said appendix was submitted by the defendant therein to the district court, see Def.'s State Law Variations Appendix in Support of Opp. to Pl.'s Renewed Mot. for Class Cert., Mazza v. Am. Honda Motor Co., 254 F.R.D. 610 (C.D. Cal. 2008), and there is no indication its accuracy was challenged.

United States District Court
Northern District of California

**B. Second Cause of Action (California Unfair Competition Law)**

Mazda moves to dismiss the claims of the Non-California Plaintiffs on the same ground as set forth above with regard to the First Cause of Action.  The Court, contrary to plaintiffs' argument, finds a determination thereon is not premature at this stage of the proceedings and hereby DEFERS ruling pending supplemental briefing on the remaining issue.

**C. Third Cause of Action (California Song-Beverly Act)**

Mazda moves to dismiss the claims of the Non-California Plaintiffs on the ground the Song-Beverly Act does not apply extraterritorially, and plaintiffs agree to dismiss those claims.  (See Opp. at 2:10 n.2).  Accordingly, as to the Non-California Plaintiffs, the motion is hereby GRANTED without leave to amend.

Mazda moves to dismiss plaintiff Ochmanek's claim on the ground such claim fails in light of the one-year durational period of the Song-Beverly Act.  See Cal. Civ. Code § 1791.1(c).  The Court is not persuaded.  See Mexia v. Rinker Boat Co., Inc., 174 Cal. App. 4th 1297, 1310 (2009) (noting "[t]here is nothing [in the statute] that suggests a requirement that the purchaser discover and report to the seller a latent defect within [the one-year] time period"); id. at 1305 (holding "[i]n the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached, by the existence of the unseen defect"); see also Daniel v. Ford Motor Co., 806 F.3d 1217, 1223 (9th Cir. 2015) (holding ruling in Mexia must be followed, "[a]bsent convincing evidence that the California Supreme Court would decide the issue . . . differently").

Although, as Mazda points out, the district court's reasoning in Peterson v. Mazda Motor of Am., Inc., 44 F. Supp. 3d 965 (C.D. Cal. 2014) has some persuasive force, see id. at 971-72 (holding plaintiff "need not allege that she discovered the . . . defect within [the one-year durational period], but there should at least be allegations that symptoms of the defect manifested during the warranty period"; observing, "if Mexia were not limited, Mexia would render the duration provision of the Song-Beverly Act meaningless because every defect that arises could conceivably be tied to an imperfection existing during the

United States District Court
Northern District of California

1   implied warranty period") (internal quotation, citation, and alteration omitted), the Court

2   notes that <u>Peterson</u> was decided prior to the Ninth Circuit's decision in <u>Daniel</u>, which, on

3   facts similar to those presented here, adds no such limitation.  See <u>Daniel</u>, 806 F.3d at

4   1221-23 (applying holding in <u>Mexia</u> to claims based on alignment defect resulting in

5   premature tire wear outside one-year period).

6          Accordingly, as to plaintiff Ochmanek, the motion, for the reasons stated above

7   and on the record at the hearing, is hereby DENIED.

8          **D.  Fourth Cause of Action (California Secret Warranty Law)**

9          Mazda moves to dismiss the claims of the Non-California Plaintiffs on the ground

10  the California Secret Warranty Law does not apply extraterritorially, and plaintiffs agree to

11  dismiss those claims.  (See Opp. at 2:10 n.2).  Accordingly, as to the Non-California

12  Plaintiffs, the motion is hereby GRANTED without leave to amend.

13         To the extent Mazda moves to dismiss the claims of the California Plaintiffs, the

14  motion, for the reasons stated on the record at the hearing, is hereby GRANTED with

15  leave to amend to allege facts sufficient to plead an adjustment program.

16         **E.  Sixth Cause of Action (Florida Deceptive & Unfair Trade Practices Act)**

17         The Sixth Cause of Action is brought solely on behalf of plaintiff Woodward.

18  Mazda moves to dismiss Woodward's claim on the ground it lacks the requisite facts

19  pertaining to the circumstances under which the vehicle was purchased.  The motion is,

20  for the reasons stated on the record at the hearing, hereby GRANTED with leave to

21  amend to plead such additional factual support.

22         **F.  Ninth Cause of Action (Pennsylvania Unfair Trade Practices and**
23              **Consumer Protection Law)**

24         The Ninth Cause of Action is brought solely on behalf of plaintiffs Massa and

25  Bauer.  Mazda's motion to dismiss such claims on the ground they are barred by the

26  economic loss doctrine, is, for the reasons stated on the record at the hearing, hereby

27  DENIED.  See <u>Knight v. Springfield Hyundai</u>, 81 A.3d 940, 952 (Pa. Super. Ct. 2013)

28  (holding "[t]he economic loss doctrine is inapplicable" to "statutory claims brought

United States District Court
Northern District of California

1  pursuant to the [Pennsylvania] UTPCPL").

2  **G. Tenth Cause of Action (Connecticut Unfair Trade Practices Act)**

3  The Tenth Cause of Action is brought solely on behalf of plaintiff Carney.  Mazda

4  moves to dismiss Carney's claim on the ground the allegations in support thereof are not

5  sufficient to plead an adjustment program.  The motion is, for the reasons stated on the

6  record at the hearing, hereby GRANTED with leave to amend to plead additional facts in

7  support thereof.

8  **H. Twelfth Cause of Action (Ohio Consumer Sales Practices Act)**

9  The Twelfth Cause of Action is brought solely on behalf of plaintiff Graziani.

10  Mazda moves to dismiss Graziani's claim on the ground it is time-barred, and plaintiffs

11  agree to dismiss the claim.  (See Opp. at 2:10 n.2).  Accordingly, Mazda's motion to

12  dismiss said claim is hereby GRANTED without leave to amend.

13  **I.  Thirteenth Cause of Action (Breach of Express Warranty)**

14  The Thirteenth Cause of Action is brought solely on behalf of plaintiffs Gonzalez,

15  Bunch, Woodward, Thomason, Massa, Humphrey, Ochmanek, Bauer and Foley.  Mazda

16  moves to dismiss the claim of plaintiff Woodward on the ground such claim fails to plead

17  facts triggering coverage under the warranty, and moves to dismiss the claim of plaintiff

18  Bunch on the ground such claim is time-barred absent facts supporting application of the

19  future performance exception.  The motion is, for the reasons stated on the record at the

20  hearing, hereby GRANTED with leave to amend to plead the requisite facts.

21  **J.  Fourteenth Cause of Action (Breach of Implied Warranty)**

22  Mazda moves to dismiss the claims of plaintiffs Thomason, Carney, Stom, Foley,

23  Graziani, Bauer, Bender, Bunch, and Ochmanek on the grounds such claims are time-

24  barred and/or fail for lack of privity, and plaintiffs agree to dismiss those claims. (See

25  Opp. at 2:10 n.2).  Accordingly, as to the above-referenced plaintiffs, the motion is hereby

26  GRANTED without leave to amend.

27  Mazda moves to dismiss the claim of plaintiff Humphrey on the ground such claim

28  fails under the California Commercial Code for lack of privity and, in response to plaintiffs'

United States District Court
Northern District of California

argument that the claim falls within an exception for third-party beneficiaries, cites to

Clemens v. DaimlerChrysler Corp., 534 F.3d 1017 (9th Cir. 2008). See id. at 1023-24

(holding "California courts have painstakingly established the scope of the privity

requirement under [the] California Commercial Code . . . , and a federal district court

sitting in diversity is not free to create new exceptions to it").  The Court acknowledges

district courts have disagreed as to whether California recognizes a third-party

beneficiary exception to the privity requirement.  Compare, e.g., In re MyFord Touch

Consumer Litigation, 46 F.Supp.3d 936, 984 (N.D. Cal. 2014) (holding "the third-party

beneficiary exception remains viable under California law"), with Xavier v. Philip Morris

USA Inc., 787 F.Supp.2d 1075, 1083 (N.D. Cal. 2011) (holding "[n]o reported California

decision has held that the purchaser of a consumer product may dodge the privity rule by

asserting that he or she is a third-party beneficiary of the distribution agreements linking

the manufacturer to the retailer who ultimately made the sale"), and Long v. Graco

Children's Products Inc., No. 13-cv-01257-WHO, 2013 WL 4655763, at *12 (N.D. Cal.

Aug. 26, 2013) (holding "district court cases that allegedly allowed a third-party

beneficiary exception . . . are not binding on the Court whereas Clemens is").  Having

reviewed the relevant available authority, the Court is persuaded by the reasoning of

those cases that have declined to extend the list of exceptions to encompass asserted

third-party beneficiaries.  Accordingly, as to Humphrey's claim, Mazda's motion is hereby

GRANTED without leave to amend.

To the extent Mazda moves to dismiss the claim of plaintiff Woodward, the motion

is, for the reasons stated on the record at the hearing, hereby GRANTED with leave to

amend to add facts bearing on the question of privity.

### K.  Fifteenth Cause of Action (Breach of Written Warranty under the Magnuson-Moss Warranty Act)

The Fifteenth Cause of Action is brought solely on behalf of plaintiffs Gonzalez,

Bunch, Woodward, Thomason, Massa, Humphrey, Ochmanek, Bauer and Foley, and the

parties are in agreement that the viability of such claims is dependent on the merits of

6

1    plaintiffs' express warranty claims.  Accordingly, to the extent Mazda moves to dismiss

2    the claims of plaintiffs Woodward and Bunch, the motion is, for the reasons stated above

3    with respect to the Thirteenth Cause of Action, hereby GRANTED with leave to amend.

4    **CONCLUSION**

5         For the reasons stated,

6         1.      Mazda's motion to dismiss is hereby GRANTED in part and DENIED in part

7    as set forth above.

8         2.      With respect to the claims as to which the Court has deferred ruling,

9    specifically, the First and Second Causes of Action brought by the Non-California

10   Plaintiffs, the Court sets the following briefing schedule:

11        a.      No later than January 20, 2017, plaintiffs shall file a supplemental

12   opposition brief, not to exceed 10 pages in length.

13        b.      No later than January 27, 2017, Mazda shall file a supplemental reply

14   brief, not to exceed 7 pages in length.

15        c.      As of January 27, 2017, said matters will stand submitted.

16        3.      To the extent leave to amend is granted as set forth above, any Second

17   Amended Complaint shall be filed no later than two weeks from the date the Court issues

18   an order on the deferred part of Mazda's motion.

19

20        **IT IS SO ORDERED.**

21

22   Dated: January 5, 2017

23                                    MAXINE M. CHESNEY
                                    United States District Judge

24

25

26

27

28

United States District Court<br>Northern District of California