IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIS GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MAZDA MOTOR CORPORATION, et al.,<br><br>Defendants. | Case No. 16-cv-02087-MMC<br><br>**ORDER GRANTING DEFERRED PORTION OF DEFENDANTS' MOTION TO DISMISS; RESCHEDULING CASE MANAGEMENT CONFERENCE** |

On September 23, 2016, defendants Mazda Motor Corporation and Mazda Motor of America, Inc.'s (collectively, "Mazda") filed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss certain of the claims alleged in the First Amended Complaint, filed July 15, 2016. On October 21, 2016, plaintiffs Megan Humphrey and Matthew Ochmanek (collectively, "California Plaintiffs") and plaintiffs Iris Gonzalez, Charles Bunch, Anne Stom, David Woodward, Greg Thomason, Lisa Massa, Dan Carney, Lorie Bender, Andrew Bauer, Linda Foley, Lou Graziani (collectively, "Non-California Plaintiffs") filed opposition, to which Mazda, on November 11, 2016, replied. The matter came on regularly for hearing on December 2, 2016.

On January 5, 2017, the Court issued an order ("January 5 Order") granting in part, denying in part, and deferring ruling in part on Mazda's motion to dismiss and, at plaintiffs' request, afforded the parties an opportunity to file supplemental briefing as to the claims on which the Court had deferred ruling. On January 20, 2017, and January

1  27, 2017, respectively, plaintiffs and Mazda filed their supplemental briefs.

2  The Court, having considered the parties' respective initial and supplemental written submissions as well as the arguments of counsel at the hearing, rules as follows on the deferred portion of Mazda's motion.

As set forth in the January 5 Order, Mazda moves to dismiss the First Cause of Action (California Consumer Legal Remedies Act) and Second Cause of Action (California Unfair Competition Law), to the extent such claims are brought on behalf of the Non-California Plaintiffs; in particular, Mazda argues, such claims "should be governed by the consumer protection laws of the jurisdiction[s] in which the transaction[s] took place." (See Defs.' Mot. at 4:25-5:5.)  As further set forth in the January 5 Order, the sole remaining issue for the Court's resolution is whether there are "material differences" between California law and the laws of the states in which the transactions took place. See Mazza v. Am. Honda Co., 666 F3d 581, 590 (9th Cir. 2012).

In that regard, Mazda, at the time it filed the instant motion, submitted substantial evidence in support of its argument that material differences exist between California law and the law of each of the states in which a Non-California Plaintiff resides, and plaintiffs, by the January 5 Order, were afforded the opportunity to submit evidence and argument to the contrary.  In their supplemental brief, plaintiffs have now advised the Court that they have decided to "rest on their arguments set forth in their dismissal brief and during oral argument." (See Pl.'s Br. filed Jan. 20, 2017, at 1:8-9.)

Accordingly, to the extent the First and Second Causes of Action are brought on behalf of the Non-California Plaintiffs, Mazda's motion to dismiss is hereby GRANTED and said claims are hereby DISMISSED.

Further, in accordance with the January 5 Order, to the extent plaintiffs were given leave to amend certain of the earlier-dismissed claims, any Second Amended Complaint is due no later than February 23, 2017.

Lastly, the Initial Case Management Conference, previously vacated in light of the then-pending motion to dismiss, is hereby RESCHEDULED for April 7, 2017.  A Joint

Case Management Statement shall be filed no later than March 31, 2017.

**IT IS SO ORDERED.**

Dated: February 9, 2017

MAXINE M. CHESNEY
United States District Judge