IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IRIS GONZALEZ, et al., Plaintiffs, v. MAZDA MOTOR CORPORATION, et al., Defendants. | Case No. 16-cv-02087-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO AMEND; DENYING PLAINTIFFS' MOTION TO FILE SURREPLY; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 50, 57, 58 |
|---|---|

Before the Court is defendants Mazda Motor Corporation and Mazda Motor of America, Inc.'s (collectively, "Mazda") motion, filed March 27, 2017, by which Mazda seeks, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, an order dismissing certain of the claims alleged in the Second Amended Complaint. Plaintiffs have filed opposition, to which Mazda has replied.[1] Having considered the parties' respective written submissions, the Court rules as follows.

**PROCEDURAL BACKGROUND**

Plaintiffs bring the above-titled putative class action on behalf of themselves and other "current and former Mazda vehicle owners," alleging "Model Year 2010-15 Mazda 3 vehicles incorporating 5-speed and 6-speed manual transmissions" contain clutch-related

---

[1] On May 4, 2017, plaintiffs filed a motion for leave to file a surreply to address what plaintiffs argue is Mazda's mischaracterization of a section of plaintiffs' opposition to Mazda's motion to dismiss. On May 5, 2017, Mazda opposed the filing of any further briefing and moved to strike plaintiffs' motion, which, Mazda argues, is itself an improper surreply. The Court finds the accuracy of the disputed characterization can be assessed on the record existing prior to the filing of plaintiffs' motion. Accordingly, Mazda's motion to strike plaintiffs' motion for leave to file a surreply is hereby DENIED as moot, and plaintiffs' motion for leave to file a surreply is hereby DENIED.

defects that cause "premature wear to the vehicle's manual transmission and related components," and, ultimately, "premature clutch system or transmission failure requiring expensive and extensive repairs." (See Second Amended Complaint ("SAC") ¶¶ 1-2.) Plaintiffs allege Mazda has known of the defect "for almost a decade," yet "actively conceals" such defect from prospective customers and from Mazda owners who bring their cars "in for routine maintenance." (See id. ¶¶ 4-6.)

Based thereon, plaintiffs, who purchased their vehicles in nine different states, assert, under various state laws and the Magnuson-Moss Warranty Act, thirteen causes of action. By orders filed January 5, 2017, and February 9, 2017, the Court dismissed plaintiffs' First Amended Complaint and granted plaintiffs leave to amend certain of their claims. On March 15, 2017, plaintiffs filed their SAC, which, in addition to correcting the deficiencies previously identified by the Court, added, with leave of Court, two named plaintiffs, specifically, Heather Weeter ("Weeter") and Gregory Schaaf ("Schaaf"), along with new claims under North Carolina law. By the instant motion, Mazda seeks dismissal of certain of the claims brought by the two new plaintiffs.

## FACTUAL BACKGROUND

Weeter alleges she is a "citizen of the State of Florida" who, "[o]n January 29, 2011," purchased a new Mazda vehicle "from Gunther Mazda, an authorized Mazda dealer in Fort Lauderdale, Florida." (See id. ¶¶ 88-89.) "On or around June 6, 2014," Weeter alleges, her vehicle required clutch-related repairs that "should have been covered by Mazda's Powertrain Warranty," but Gunther Mazda told her those repairs were a "wear item not covered by warranty" and charged her for the cost of those repairs. (See id. ¶ 91.) "On or around September 6, 2016," Weeter alleges, she "again brought her vehicle to Gunther Mazda," which informed her she needed additional clutch-related repairs that were, once more, "not covered by warranty." (See id. ¶ 92.) Weeter alleges that, after paying Gunther Mazda "a diagnostic fee," she paid to have her vehicle repaired by "W M Auto Services, Inc." and, in October 2016, "disposed of" her vehicle "out of concern that" it had "an ongoing defect." (See id. ¶¶ 92, 93, 95.)

Schaaf alleges he is a "citizen of the State of North Carolina" who, "[i]n or around Spring 2011," purchased a new Mazda vehicle from "Sport Durst Mazda, an authorized Mazda dealer in Durham, North Carolina." (See id. ¶¶ 97, 98.) "On or around January 3, 2013," Schaaf alleges, his vehicle required clutch-related repairs, which were made by Sport Durst Mazda at "at no cost." (See id. ¶ 100.) "On or around April 1, 2016," Schaaf alleges, he "was again forced to bring his vehicle to Sport Durst [Mazda]," which informed him he needed additional clutch-related repairs for which Schaaf was charged, even though, according to Schaaf, those repairs "should have been covered by Mazda's Powertrain Warranty." (See id. ¶ 102.)

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555.

3

Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

As noted above, Mazda's moves to dismiss certain of Weeter and Schaaf's claims, each of which the Court addresses below.[2]

**A. First and Second Causes of Action (Weeter and Schaaf's Claims Under California's Consumer Legal Remedies Act and Unfair Competition Law)**

In the First and Second Causes of Action, plaintiffs allege violations of California's Consumer Legal Remedies Act and Unfair Competition Law. Both claims are brought by "[a]ll [p]laintiffs" on behalf of a nationwide class, or, "[a]lternatively," by plaintiffs Megan Humphrey and Matthew Ochmanek, who are alleged to have purchased their vehicles in California. (See SAC at 72:5, 74:14, ¶¶ 53, 67.) All other plaintiffs, including Weeter and Schaaf, are alleged to have purchased their vehicles in states other than California. (See id. ¶¶ 16-104.)

Mazda moves to dismiss the First and Second Causes of Action, to the extent they are brought by Schaaf and Weeter. As Mazda points out, the Court previously dismissed the same claims, as alleged in plaintiffs' prior First Amended Complaint, to the extent they were brought by any plaintiff who had not purchased his/her Mazda vehicle in California, on the ground that each such plaintiff's "consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." (See Order, filed Feb. 9, 2017, at 2:8-10.) Plaintiffs, in their opposition, acknowledge the Court's prior ruling as to non-California plaintiffs and offer no argument as to why such ruling would not apply equally to Weeter and Schaaf.

Accordingly, to the extent the First and Second Causes of Action are brought on

---

[2] Mazda does not move to dismiss Weeter and Schaaf's claims as asserted in the Eleventh Cause of Action, which alleges a claim for breach of express warranty under state law, and the Thirteenth Cause of Action, which alleges a claim for beach of express warranty under the Magnuson-Moss Warranty Act.

4

behalf of Weeter and Schaaf, such claims will be dismissed without leave to amend.

**B. Fifth Cause of Action (Weeter's Claim Under Florida Unfair and Deceptive Trade Practices Act)**

In the Fifth Cause of Action, plaintiffs, on behalf of Weeter and those similarly situated, allege Mazda violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), by "willfully fail[ing] to disclose and actively conceal[ing] the dangerous risk of the [d]effect." (See SAC ¶ 224).

Mazda argues the Fifth Cause of Action is subject to dismissal as time-barred. A FDUTPA claim "accrue[s] on the date of sale" and is subject to a four-year statute of limitations. See S. Motor Co. Dade Cty. v. Doktorczyk, 957 So. 2d 1215, 1218 (Fla. Dist. Ct. App. 2007). Here, Weeter is alleged to have purchased her vehicle "[o]n January 29, 2011." (See SAC ¶ 89.) The instant action was filed more than five years later, on April 20, 2016.[3]

Plaintiffs agree Weeter's FDUTPA claim is subject to a four-year statute of limitations, but argue they have "plausibly allege[d] that Mazda fraudulently concealed her claim, thereby tolling any applicable statute of limitations." (See Opp. at 6:17-18, 7:10.) Under Florida law, "fraudulent concealment constitutes an implied exception to the statute of limitations, postponing the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the concealment by the owner of the cause of action." See S.A.P. v. State Dep't Health & Rehab. Servs., 704 So. 2d 583 (Fla. Dist. Ct. App. 1997); see also Berisford v. Jack Eckerd Corp., 667 So. 2d 809, 811 (Fla. Dist. Ct. App. 1995) (holding fraudulent concealment doctrine applies to "all who come to the court for redress").

"In order to establish fraudulent concealment sufficient to toll the statute, the

---

[3] Given the current allegations, the Court has not considered herein whether the relevant date for purposes of the statute of limitations is April 20, 2016, the date on which the initial complaint was filed, or March 15, 2017, the date on which Weeter was added to the action as a named plaintiff.

5

plaintiff must show" (1) the defendant's "successful concealment of the cause of action," (2) the defendant's use of "fraudulent means to achieve that concealment," and (3) the plaintiff's "reasonable care and diligence in seeking to learn the facts which would disclose the fraud." See Berisford, 667 So. 2d. at 811-12. "The 'fraudulent means' alleged must go beyond mere non-disclosure, and must constitute active and willful concealment." Licul v. Volkswagen Grp. of Am., Inc., No. 13-6186-CIV, 2013 WL 6328734, at *6 (citing Florida law).

Here, plaintiffs allege that Gunther Mazda, on two occasions, not only "did not inform" Weeter that her "[c]lutch [a]ssembly failed due to a defect," but also told her that the failure was due to a "wear item not covered by the warranty" (see SAC ¶¶ 91-92) and proceeded to make what plaintiffs argue were "illusory repairs" (see Opp. at 8:9-10), which plaintiffs assert, but have not alleged, were "with equally defective components" (see id. at 8:20). As a result, plaintiffs conclude, the statute of limitations was tolled from June 20, 2014, the date on which Weeter first brought her vehicle back to Gunther Mazda, "through at least September 6, 2016—the date on which Weeter's clutch disc and flywheel failed for a second time." (See id. at 8:19-21 (citing SAC ¶¶ 91-92).)

As Mazda points out, however, such affirmative statements and repairs are alleged to have been made by Gunther Mazda, which is not a defendant in this case, and plaintiffs have not alleged any basis on which Gunther Mazda's conduct may be imputed to Mazda. Plaintiffs' conclusory allegation that Mazda "sell[s] Mazda vehicles through a network of dealerships that are [Mazda's] agents" (see SAC ¶ 108) is not, without factual support, sufficient to allege an agency relationship by which Mazda would be liable for the acts of Gunther Mazda, see Iqbal, 556 U.S. at 678-79 (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support its "legal conclusions"); Herremans v. BMW of N. Am., LLC, No. CV 14-02363 MMM (PJWx), 2014 WL 5017343, at *6-7 (C.D. Cal. Oct. 3, 2014) (holding plaintiff "failed to allege an affirmative deceptive act by BMW sufficient to support a finding of fraudulent concealment" where "[t]he only affirmative statement" was made by "an authorized BMW dealer" and the "complaint

6

contain[ed] no allegations that, if proved, would show that the authorized dealer that presumably repaired her vehicle was BMW's agent").

Accordingly, the Fifth Cause of Action will be dismissed, with leave to amend to allege facts to support a basis for tolling of the statute of limitations.[4]

**C. Tenth Cause of Action (Schaaf's Claim under North Carolina Unfair & Deceptive Trade Practices Act)**

In the Tenth Cause of Action, plaintiffs, on behalf of Schaaf and those similarly situated, allege Mazda violated North Carolina's Unfair and Deceptive Trade Practices Act ("NCUDTPA"), by "willfully fail[ing] to disclose and actively conceal[ing] the [d]efect." (See SAC ¶ 275.)

Mazda argues the Tenth Cause of Action is subject to dismissal for failure to allege "sufficiently 'egregious or aggravating' circumstances" to convert what Mazda contends is merely a breach of warranty claim into a NCUDTPA claim. (See Mot. at 1:14-16.) Under North Carolina law, a "breach of warranty, standing alone, does not constitute a violation of" the NCUDTPA, see Walker v. Fleetwood Homes of N. Carolina, Inc., 362 N.C. 63, 72 (2007), nor does "a mere breach of contract, even if intentional," see Branch Banking & Trust Co. v. Thompson, 107 N.C. App. 53, 62 (1992). Rather, "some type of egregious or aggravating circumstances must be alleged and proved before [the NCUDTPA's] provisions may take effect," see Dalton v. Camp, 353 N.C. 647, 657 (2001), e.g., "deception either in the formation of the contract or in the circumstances of the breach," see Bartolomeo v. S&B Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989); see also Branch, 107 N.C. App. at 62 (citing approvingly to Bartolomeo).

Plaintiffs argue they have alleged sufficient aggravating circumstances, namely deception in the formation of the vehicle sales contracts. Under North Carolina law, "a party negotiating at arm's length has a duty to disclose where one party has knowledge

---

[4] If plaintiffs choose to amend, they should plead the date on which and the circumstances under which Weeter first became aware of her claim.

7

of a latent defect in the subject matter of the negotiations of which the other party is ignorant and which it is unable to discover through reasonable diligence." See Bear Hollow, L.L.C. v. Moberk, L.L.C., No. 5:05CV210, 2006 WL 1642126, at *6 (W.D.N.C. June 5, 2006) (citing North Carolina law). Where a defendant, having such "duty to speak and knowledge of plaintiff's misunderstanding, remain[s] silent," such "failure to disclose information may be tantamount to a misrepresentation and thus an unfair or deceptive practice." See Kron Medical Corp. v. Collier Cobb & Assoc., Inc., 107 N.C. App. 331, 341 (1992).

Here, plaintiffs allege that Schaaf, "[p]rior to purchasing his vehicle, . . . test drove the vehicle, viewed advertisements for the vehicle and the vehicle's window sticker, and spoke with Mazda sales representatives concerning the vehicle's features," but that none of those interactions "disclosed or revealed" the defect. (See SAC ¶ 99.) Irrespective of whether such allegations would suffice to plead egregious or aggravating circumstances, the conduct comprising those circumstances is ascribed to Sport Durst Mazda, which is not a defendant in this case, and plaintiffs have not alleged facts sufficient to show Sport Durst Mazda's conduct may be imputed to Mazda. See Iqbal, 556 U.S. at 678-79 (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support its "legal conclusions").

Accordingly, the Fifth Cause of Action will be dismissed, with leave to amend to allege substantial aggravating circumstances to support a NCUDTPA claim against Mazda.

**D. Twelfth Cause of Action (Weeter and Schaaf's Breach of Implied Warranty Claims)**

In the Twelfth Cause of Action, plaintiffs, on behalf of Weeter, Schaaf, and those similarly situated, allege Mazda provided such plaintiffs with an "implied warranty that [their vehicles] and any parts thereof are merchantable and fit for the ordinary purposes for which they are sold," which implied warranty, plaintiffs allege, was breached because the vehicles "suffered from the [d]efect at the time of sale that causes the vehicles' clutch

8

to fail prematurely." (See FAC ¶ 289.)

Mazda argues Weeter and Schaaf's claims fail for lack of privity under applicable state law, and that Schaaf's claim fails for the additional reason that it is time-barred.

### 1. Weeter's Claim - Privity

To the extent Mazda contends Weeter's claim is subject to dismissal for lack of privity, plaintiffs argue such privity is not required under Florida law. In support thereof, plaintiffs cite to Manheim v. Ford Motor Co., 201 So. 2d 440 (Fla. 1967) in which the Florida Supreme Court held an implied warranty claim "may be brought against a manufacturer notwithstanding want of privity." See id. at 441. Subsequent to Manheim, however, the Florida Supreme Court decided Kramer v. Piper Aircraft Corp., 520 So. 2d 37 (Fla. 1988), which has been interpreted by the Florida courts of appeal as returning to a privity requirement for implied warranty claims. See, e.g., Ashley Square, Ltd. v. Contractors Supply Orlando, Inc., 532 So. 2d 710, 711 n.1 (Fla. Dist. Ct. App. 1988) (citing Kramer) (noting "cause of action for breach of implied warranty . . . appears to no longer exist in Florida in the absence of privity"); see also Ocana v. Ford Motor Co., 992 So. 2d 319 (Fla. Dist. Ct. App. 2008) (citing Kramer) (holding "[u]nder Florida law, privity of contract is required to maintain an action for breach of an implied warranty"); Mesa v. BMW of North America, LLC, 904 So. 2d 450, 458 (Fla. Dist. Ct. App. 2005) (citing Kramer) (holding "[u]nder Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity"). The Court acknowledges the holding in Kramer is not devoid of ambiguity, and arguably could be read as leaving Manheim intact. The Court notes, however, that almost thirty years have passed since Florida's intermediate appellate courts began interpreting Kramer as effectively overruling Manheim, see Ashley, 532 So. 2d at 711 n.1, and, despite a number of appellate decisions having followed suit in the interim, the Florida Supreme Court has issued no opinion disagreeing with their understanding of its holding.

The Court thus finds plaintiffs must allege privity of contract in order to sustain Weeter's claim for breach of implied warranty.

9

Plaintiffs next argue that, even if privity is required, they "have established the third-party beneficiary exception thereto" (see Opp. at 11:12-13) by alleging they "are the intended (and not incidental) third-party beneficiaries of the agreements entered into among [d]efendants and authorized dealerships, representatives, and agents, and any warranties, express or implied, flowing therefrom" (see SAC ¶ 291).

In response, Mazda, citing Fla. Stat. § 672.318, argues the third-party beneficiary exception is not available because, according to Mazda, said statute, titled "Third-party beneficiaries of warranties express or implied," sets forth an exclusive list of individuals who qualify as third-party beneficiaries. See Fla. Stat. Ann. § 672.318 (providing seller's warranty extends to family member, household member, guest, employee, servant, or agent of purchaser). The Court disagrees. As explained in the Comment to § 672.318, "the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain." See id. § 672.318 cmt. 3. As relevant here, implied warranty claims have been held to be "purely contract remedies" under Florida law, see Affiliates for Evaluation & Therapy, Inc. v. Viasyn Corp., 500 So. 2d 688, 693 (Fla. Dist. Ct. App. 1987), and Florida law permits third parties to enforce a contract if they can "establish that the contract either expressly creates rights for them as a third party or that the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member," see Greenacre Properties, Inc. v. Rao, 933 So. 2d 19, 23 (Fla. Dist. Ct. App. 2006).

Mazda next argues that plaintiffs, in any event, have not adequately alleged a third-party beneficiary exception. In this instance, the Court agrees. Plaintiffs allege they are third-party beneficiaries of vehicle purchase contracts between Mazda and its dealers, because, plaintiffs allege, plaintiffs are the "intended end users" of the vehicles and thus the implied warranties "flowing to [the dealers] are actually intended to protect their customers from losses." (See SAC ¶ 291.) Plaintiffs have not, however, alleged facts from which the Court can conclude those contracts, rather than providing merely an

1  "incidental" benefit, either "expressly create rights for them" or are intended to "primarily

2  and directly benefit them." See Greenacre, 933 So. 2d at 23.  It does not suffice to allege

3  that, ordinarily, plaintiffs will, at some point in the distribution chain, be the end users of

4  the vehicles.  "Foreseeability does not confer beneficiary status; otherwise, the contours

5  of contractual relationships would disintegrate."  See In re Masonite Corp. Hardboard

6  Siding Prods. Liab. Litig., 21 F. Supp. 2d 593, 600 (E.D. La. 1998) (applying North

7  Carolina law).[5]

Accordingly, the Twelfth Cause of Action, as alleged by Weeter, will be dismissed, with leave to amend to allege facts sufficient to establish privity.

### 2. Schaaf's Claim - Privity

As noted, Mazda argues Schaaf's claim likewise is subject to dismissal for lack of privity.  Plaintiffs do not disagree with Mazda's argument that privity is required under North Carolina law, see Energy Investors Fund, L.P. v. Metric Constructors, Inc., 351 N.C. 331, 338 (2000) (holding "privity is required to assert a claim for breach of an implied warranty involving only economic loss"); rather, they again argue they have sufficiently pleaded a third-party beneficiary exception to such requirement.

Where a plaintiff pleads a claim for breach of an implied warranty "flowing to him" as "an intended beneficiary, . . . . [North Carolina] law implies privity of contract." See Coastal Leasing Corp. v. O'Neal, 103 N.C. App. 230, 236 (1991).  Such plaintiff's allegations must, however, "show: (1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit."  See Metric Constructors, Inc. v. Indus. Risk Insurers, 102 N.C. App. 59, 63 (1991) (internal quotation and citation omitted).  Here, for the reasons set forth above, the Court finds the SAC lacks allegations

---

[5] To the extent plaintiffs cite to federal district court cases holding an allegation that consumers are the intended users of the product is sufficient to plead a third-party beneficiary exception to privity (see Opp. at 11:12-22, 12:7-14), the Court is not persuaded.  Such minimal pleading would, without more, permit "an end-run around Florida's historic privity requirement."  See Ocana, 992 So. 2d at 326.

11

sufficient to show the contracts between Mazda and its dealers were entered into for the "direct, and not incidental, benefit" of plaintiffs and other Mazda consumers. See id.

Accordingly, the Twelfth Cause of Action, as alleged by Schaaf, will be dismissed, with leave to amend to allege facts sufficient to establish privity.

### 3. Schaaf's Claim – Statute of Limitations

Mazda argues Schaaf's claim is subject to dismissal on the additional ground that it is time-barred. Under North Carolina law, an implied warranty claim accrues "when delivery is made" and is subject to a four-year statute of limitations. See N.C. Gen. Stat. § 25-2-725(1)-(2). Here, plaintiffs allege Schaaf purchased his vehicle "[i]n or around Spring 2011." (See SAC ¶ 98). The instant action was filed approximately five years later, on April 20, 2016.[6]

Plaintiffs agree Schaaf's claim is subject to a four-year statute of limitations, but argue the "'statute of limitations is tolled during the time the seller endeavors to make repairs to enable the product to comply with a warranty.'" (See Opp. at 4:25-28 (quoting Haywood St. Redevelopment Corp. v. Harry S. Peterson, Co., 120 N.C. App. 832, 837 (1995)). In particular, plaintiffs rely on their allegations that Sport Durst Mazda, in January 2013, replaced certain parts in Schaaf's vehicle "at no cost" (see SAC ¶ 100); plaintiffs contend those repairs were Mazda's "effort[] to remedy its breach of warranty," which "tolled the applicable limitations period through (at least) four years from the date of the repairs" (see Opp. at 5:4-8).

The cases upon which plaintiffs rely, however, are distinguishable, as they both pertain to express warranty claims in which the defect was acknowledged and addressed by the seller. See, e.g., Haywood, 120 N.C. App. at 834, 837-38 (holding, where plaintiff alleged defects in waterproofing of deck, statute of limitations was tolled during time

---

[6] Given the current allegations, the Court has not considered herein whether the relevant date for purposes of the statute of limitations is April 20, 2016, the date on which the initial complaint was filed, or March 15, 2017, the date on which Schaaf was added to the action as a named plaintiff.

12

"defendant continued to attempt to repair the waterproofing"); Styron v. Loman-Garrett Supply Co., 6 N.C. App. 675, 676, 681-82 (1969) (holding statute of limitations was tolled during time "defendant continued to cooperate with and work with the plaintiffs in an effort to make the equipment comply with the assurances the defendant had given"). As one such court explained, tolling was appropriate during the time the plaintiff "was patiently relying upon the repeated assurance of defendant that it would make the [product] comply with its warranty." See id. at 682.

Here, by contrast, Schaaf brings a claim for breach of an implied, not an express, warranty, and alleges that the defect was never acknowledged by Mazda. (See SAC ¶ 100 (alleging Schaaf brought vehicle in for inspection and Sport Durst failed to inform him damage was "due to a defect").)

Accordingly, for the above-discussed additional reason, the Twelfth Cause of Action, as alleged by Schaaf, will be dismissed, with leave to amend to allege facts sufficient to support a basis for tolling of the statute of limitations.[7]

## CONCLUSION

For the reasons stated, Mazda's motion to dismiss is hereby GRANTED, with leave to amend as set forth above. Should plaintiffs wish to file an amended pleading for purposes of curing the above-identified deficiencies, plaintiffs shall file, no later than August 16, 2017, a Third Amended Complaint.

In light of such dismissal, the Case Management Conference previously vacated by the Court is hereby RESET for September 1, 2017. A Joint Case Management Statement shall be filed no later than August 25, 2017.

**IT IS SO ORDERED.**

Dated: August 1, 2017

MAXINE M. CHESNEY
United States District Judge

---

[7] If plaintiffs choose to amend, they should plead the date on which and the circumstances under which Schaaf first became aware of his claim.

13