1   Michael L. Mallow, SBN 188745
    mmallow@sidley.com
2   Darlene M. Cho, SBN 251167
    dcho@sidley.com
3   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
4   Los Angeles, California 90013
    Telephone: (213) 896-6000
5   Facsimile: (213) 896-6600

6   Attorneys for Defendants
    Mazda Motor of America, Inc.
7   d/b/a Mazda North American Operations
    and Mazda Motor Corporation

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11
    IRIS GONZALEZ, CHARLES BUNCH,          Case No. 3:16-cv-02087-MMC
12  ANNE STOM, DAVID WOODWARD,             Assigned to: Judge Maxine M. Chesney
    GREG THOMASON, LISA MASSA, DAN
13  CARNEY, MEGAN HUMPHREY, LORIE
    BENDER, ANDREW BAUER, MATTHEW          **DEFENDANT MAZDA MOTOR**
14  OCHMANEK, LINDA FOLEY, LOU             **CORPORATION'S ANSWER TO**
    GRAZIANI, HEATHER WEETER and           **PLAINTIFFS' THIRD AMENDED CLASS**
15  GREGORY SCHAAF, on behalf of themselves **ACTION COMPLAINT AND**
    and all others similarly situated,      **AFFIRMATIVE DEFENSES**
16
                 Plaintiffs,               **JURY TRIAL DEMANDED**
17
          v.
18
    MAZDA MOTOR CORPORATION and
19  MAZDA MOTOR OF AMERICA, INC.,

20               Defendants.

21

22

23

24

25

26

27

28

-1-

Defendant Mazda Motor Corporation ("MC"), by its undersigned counsel, hereby files the following Answers to the Third Amended Class Action Complaint of Plaintiffs ("TAC"), on behalf of MC and as to allegations directed at MC only, and its Affirmative Defenses:

## **INTRODUCTION**

1.     MC admits that Plaintiffs bring a putative class action on behalf of the putative class described in Paragraph 1. MC denies the remaining allegations in this paragraph. Answering footnote 1 contained in the TAC, MC admits that Plaintiffs purport to reserve the right to amend their proposed class definition, but denies that any such amendment would be proper and reserves the right to object to any such request.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.    Denied.

11.    MC lacks knowledge or information sufficient to form a belief as to what Plaintiffs and putative Class members would or would not have done had they known the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 11.

12.    MC admits that Plaintiffs purport to seek the relief described in Paragraph 12, but denies that MC violated the consumer fraud statutes alleged in the TAC, breached any implied warranty under California law, or provided (much less breached) an express warranty under state of federal law. MC denies the remaining allegations in Paragraph 12.

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

**JURISDICTION & VENUE**

13.    MC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 as related to purported individual class members, and on that basis denies the allegations. MC denies the remaining allegation contained in Paragraph 13.

14.    Denied.

15.    Denied.

**PARTIES**

**Plaintiff Gonzalez**

16.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies the allegations.

17.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies the allegations.

18.    MC admits that the window sticker affixed to Plaintiff Gonzalez' vehicle at the time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and on that basis denies the allegations.

19.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies the allegations.

20.    MC admits that it did not inform Plaintiff Gonzalez of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and on that basis denies the allegations.

21.    MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Gonzalez would or would not have done had she known the information which she claims MC allegedly failed to disclose at the time she purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 21.

**Plaintiff Bunch**

22.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies the allegations.

23.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis denies the allegations.

24.     MC admits that the window sticker affixed to Plaintiff Bunch's vehicle at the time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and on that basis denies the allegations.

25.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies the allegations.

26.     Denied.

27.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies the allegations.

28.     MC admits that it did not inform Plaintiff Bunch of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and on that basis denies the allegations.

29.     MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Bunch would or would not have done had he known the information which he claims MC allegedly failed to disclose at the time he purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 29.

**Plaintiff Stom**

30.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies the allegations.

31.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies the allegations.

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

1

32.     MC admits that the window sticker affixed to Plaintiff Stom's vehicle at the time of

2

purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or

3

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32

4

and on that basis denies the allegations.

5

33.     MC lacks knowledge or information sufficient to form a belief as to the truth of the

6

allegations in Paragraph 33 and on that basis denies the allegations.

7

34.     MC lacks knowledge or information sufficient to form a belief as to the truth of the

8

allegations in Paragraph 34 and on that basis denies the allegations.

9

35.     MC lacks knowledge or information sufficient to form a belief as to the truth of the

10

allegations in Paragraph 35 and on that basis denies the allegations.

11

36.     MC admits that it did not inform Plaintiff Stom of the Defect alleged in the TAC

12

because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient

13

to form a belief as to the truth of the remaining allegations in Paragraph 36 and on that basis

14

denies the allegations.

15

37.     MC lacks knowledge or information sufficient to form a belief as to what Plaintiff

16

Bunch would or would not have done had he known the information which he claims MC

17

allegedly failed to disclose at the time he purchased a Class Vehicle and on that basis denies the

18

allegations. MC denies the remaining allegations in Paragraph 37.

19

**Plaintiff Thomason**

20

38.     MC lacks knowledge or information sufficient to form a belief as to the truth of the

21

allegations in Paragraph 38 and on that basis denies the allegations.

22

39.     MC lacks knowledge or information sufficient to form a belief as to the truth of the

23

allegations in Paragraph 39 and on that basis denies the allegations.

24

40.     MC admits that the window sticker affixed to Plaintiff Thomason's vehicle at the

25

time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or

26

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40

27

and on that basis denies the allegations.

28

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-cv-02087-MMC

41.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies the allegations.

42.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies the allegations.

43.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies the allegations.

44.     MC admits that it did not inform Plaintiff Thomason of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and on that basis denies the allegations.

45.     MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Thomason would or would not have done had he known the information which he claims MC allegedly failed to disclose at the time he purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 45.

**Plaintiff Massa**

46.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies the allegations.

47.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis denies the allegations.

48.     MC admits that the window sticker affixed to Plaintiff Massa's vehicle at the time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and on that basis denies the allegations.

49.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies the allegations.

50.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies the allegations.

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

1    51.    MC admits that it did not inform Plaintiff Massa of the Defect alleged in the TAC

2  because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient

3  to form a belief as to what Plaintiff Massa would or would not have done had she known the

4  information which she claims MC allegedly failed to disclose at the time she purchased a Class

5  Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in

6  Paragraph 51.

7  **Plaintiff Humphrey**

8    52.    MC lacks knowledge or information sufficient to form a belief as to the truth of the

9  allegations in Paragraph 52 and on that basis denies the allegations.

10    53.    MC lacks knowledge or information sufficient to form a belief as to the truth of the

11  allegations in Paragraph 53 and on that basis denies the allegations.

12    54.    MC admits that the window sticker affixed to Plaintiff Humphrey's vehicle at the

13  time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or

14  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54

15  and on that basis denies the allegations.

16    55.    MC lacks knowledge or information sufficient to form a belief as to the truth of the

17  allegations in Paragraph 55 and on that basis denies the allegations.

18    56.    MC admits that it did not inform Plaintiff Humphrey of the Defect alleged in the

19  TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information

20  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and on that

21  basis denies the allegations.

22    57.    MC lacks knowledge or information sufficient to form a belief as to what Plaintiff

23  Humphrey would or would not have done had she known the information which she claims MC

24  allegedly failed to disclose at the time she purchased a Class Vehicle, and on that basis denies the

25  allegations. MC denies the remaining allegations in Paragraph 57.

26  **Plaintiff Bender**

27    58.    MC lacks knowledge or information sufficient to form a belief as to the truth of the

28  allegations in Paragraph 58 and on that basis denies the allegations.

59.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies the allegations.

60.     MC admits that the window sticker affixed to Plaintiff Bender's vehicle at the time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and on that basis denies the allegations.

61.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis denies the allegations.

62.     Denied.

63.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis denies the allegations.

64.     MC admits that it did not inform Plaintiff Bender of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and on that basis denies the allegations.

65.     MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Bender would or would not have done had she known the information which she claims MC allegedly failed to disclose at the time she purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 65.

**Plaintiff Ochmanek**

66.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and on that basis denies the allegations.

67.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and on that basis denies the allegations.

68.     MC admits that the window sticker affixed to Plaintiff Ochmanek's vehicle at the time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and on that basis denies the allegations.

69.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and on that basis denies the allegations.

70.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and on that basis denies the allegations.

71.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis denies the allegations.

72.     MC admits that it did not inform Plaintiff Ochmanek of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and on that basis denies the allegations.

73.     MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Ochmanek would or would not have done had he known the information which he claims MC allegedly failed to disclose at the time he purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 73.

**Plaintiff Bauer**

74.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies the allegations.

75.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies the allegations.

76.     MC admits that the window sticker affixed to Plaintiff Bauer's vehicle at the time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and on that basis denies the allegations.

77.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies the allegations.

78.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies the allegations.

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

79.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies the allegations.

80.     MC admits that it did not inform Plaintiff Bauer of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and on that basis denies the allegations.

81.     MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Bauer would or would not have done had he known the information which he claims MC allegedly failed to disclose at the time he purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 81.

**Plaintiff Foley**

82.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and on that basis denies the allegations.

83.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and on that basis denies the allegations.

84.     MC admits that the window sticker affixed to Plaintiff Foley's vehicle at the time of lease did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and on that basis denies the allegations.

85.     MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies the allegations.

86.     MC admits that it did not inform Plaintiff Foley of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and on that basis denies the allegations.

87.     MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Foley would or would not have done had she known the information which she claims MC

allegedly failed to disclose at the time she leased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 87.

**Plaintiff Weeter**

88.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and on that basis denies the allegations.

89.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies the allegations.

90.    MC admits that the window sticker affixed to Plaintiff Weeter's vehicle at the time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and on that basis denies the allegations.

91.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies the allegations.

92.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies the allegations.

93.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and on that basis denies the allegations.

94.    MC admits that it did not inform Plaintiff Weeter of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and on that basis denies the allegations.

95.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies the allegations.

96.    MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Weeter would or would not have done had she known the information which she claims MC allegedly failed to disclose at the time she purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 96.

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

**Plaintiff Schaaf**

97.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies the allegations.

98.    MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies the allegations.

99.    MC admits that the window sticker affixed to Plaintiff Schaaf's vehicle at the time of purchase did not disclose or reveal the Defect alleged in the TAC. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and on that basis denies the allegations.

100.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies the allegations.

101.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and on that basis denies the allegations.

102.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and on that basis denies the allegations.

103.   MC admits that it did not inform Plaintiff Schaaf of the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and on that basis denies the allegations.

104.   MC lacks knowledge or information sufficient to form a belief as to what Plaintiff Schaaf would or would not have done had he known the information which he claims MC allegedly failed to disclose at the time he purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 104.

**The Defendants**

105.   MC admits that it is engaged in the business of designing, developing, and manufacturing vehicles. MC denies the remaining allegations in Paragraph 105.

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

106.    MC admits that it is a Japanese corporation and the parent corporation of Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations. MC denies the remaining allegations in Paragraph 106.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    MC admits that certain documents and materials were included with the Class Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. MC denies the remaining allegations in Paragraph 111.

112.    Paragraph 112 contains allegations regarding Plaintiffs' definition of "Mazda" and "Defendants" and does not require a response by MC.

113.    Denied with respect to the first sentence in Paragraph 113. A response to the remaining allegations contained in Paragraph 113 is not required in light of the Court's December 18, 2017 order striking all reference to Lithia from Paragraph 113 of the TAC.

114.    MC admits that the Automobile Information Disclosure Act of 1958, 15 U.S.C. §§ 1231-1233, *et seq.* requires certain new vehicles offered for sale in the United States to have affixed to the winder a sticker, and that such a sticker was affixed to the windows of all new Class Vehicles sold in the United States, specifying information required under applicable federal law and regulations; and further admits that the Act prohibits the removal or alteration of the sticker by anyone other than the ultimate purchaser prior to the sale of the car, including the dealership at which the vehicle is offered for sale. A response to the allegations in Paragraph 114 pertaining to Lithia is not required in light of the Court's December 18, 2017 order striking all reference to Lithia from Paragraph 114 of the TAC. MC denies the remaining allegations in Paragraph 114.

115.    A response to Paragraph 115 is not required in light of the Court's Order entered on December 18, 2017 striking Paragraph 115 in its entirety.

116.    Denied.

117.    Denied.

**CALIFORNIA LAW APPLIES**

118.   Denied.

119.   Paragraph 119 sets forth a legal conclusion to which no response is required. To the extent that a response is required, MC denies the allegations in Paragraph 119.

120.   MC admits that MNAO is MC's sole U.S. entity responsible for distributing and warranting Mazda vehicles in the United States, that it previously produced Mazda6 (not Mazda "6") vehicles at the AutoAlliance International assembly plant, a Flat Rock, Michigan facility that was once operated with Ford. MC denies the remaining allegations in Paragraph 120, including the remaining allegations in footnote 4.

121.   MC admits that MNAO is located in Irvine, California and imports and distributes Mazda vehicles, and certain parts and accessories, in the United States. To the extent the allegations contained in Paragraph 121 are characterizations or summaries of the information contained on the website referenced in footnotes 5 and 6 of the TAC, the website speaks for itself and no further response is required from MC. MC denies each and every remaining allegation contained in Paragraph 121.

122.   The website referenced in footnote 7 of the TAC is not active. To the extent the allegations contained in Paragraph 122 are characterizations or summaries of the information that was contained on the website referenced in footnote 7 of the TAC, the website speaks for itself and no further response is required from MC. MC denies each and every remaining allegation contained in Paragraph 122.

123.   MC admits that MNAO's warranty department is located in Irvine, California. To the extent the allegations contained in Paragraph 123 are characterizations or summaries of the information that was contained on the website referenced in footnote 8 of the TAC, the website speaks for itself and no further response is required from MC. MC denies each and every remaining allegation contained in Paragraph 123.

124.   Denied.

125.   Denied.

-14-

126.   A response to Paragraph 126 is not required in light of the Court's Order entered on December 18, 2017 striking Paragraph 126 in its entirety.

127.   MC admits that it has not disclosed the existence of the Defect alleged in the TAC because MC is not aware that such a Defect exists. To the extent the allegations contained in Paragraph 127 are characterizations or summaries of the information contained in Parts Flash, Reference No. RF-12-17, the document speaks for itself and no further response is required from MC. MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 regarding any purported conversations between Plaintiffs and putative Class members and Mazda's independent, authorized dealerships, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 127.

128.   MC admits that MNAO's Customer Experience Center is located in MNAO's Irvine campus. MC denies the remaining allegations in Paragraph 128.

129.   Denied.

## TOLLING OF STATUTES OF LIMITATIONS

130.   Denied.

131.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 regarding any purported conversations between Plaintiffs and putative Class members and Mazda's independent, authorized dealerships, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 131.

132.   Denied.

## FACTUAL ALLEGATIONS

A.   **The Defect within Class Vehicles.**

133.   Denied.

134.   MC admits that 2010-2015 Mazda3 vehicles sold in the United States came equipped with either an automatic or manual transmission, and that manual transmissions were available in 5-speed or 6-speed configurations. The allegation that "[t]he 'Mazda 3' . . . is one of its most popular U.S. offerings," is too general and lacks sufficient detail to allow MC to admit or

1    deny, and on that basis, MC denies the allegation. MC denies the remaining allegations in

2    Paragraph 134.

3         135.   MC admits that the allegations and diagram contained in Paragraph 135 are generic

4    explanations and an image of how manual transmission engines operate, but denies that the

5    allegations accurately describe the manual transmission engines in Class Vehicles.

6         136.   MC admits that the allegations contained in Paragraph 136 are generic explanations

7    of how manual transmission engines operate, but denies that the allegations accurately describe

8    the manual transmission engines in Class Vehicles.

9         137.   MC admits that the allegations contained in Paragraph 137 are generic explanations

10   of how manual transmission engines operate, but denies that the allegations accurately describe

11   the manual transmission engines in Class Vehicles.

12        138.   MC admits that the allegations contained in Paragraph 138 are generic explanations

13   of how manual transmission engines operate, but denies that the allegations accurately describe

14   the manual transmission engines in Class Vehicles.

15        139.   MC admits that the allegations contained in Paragraph 139 are generic explanations

16   of how manual transmission engines operate, but denies that the allegations accurately describe

17   the manual transmission engines in Class Vehicles.

18        140.   MC admits that the allegations and diagram contained in Paragraph 140 are generic

19   explanations and image of how manual transmission engines operate, but denies that the

20   allegations accurately describe the manual transmission engines in Class Vehicles and denies

21   Plaintiffs' editorializing of the role of the clutch in manual transmission engines.

22        141.   MC admits that the allegations contained in Paragraph 141 are generic explanations

23   of how manual transmission engines operate, but denies that the allegations accurately describe

24   the manual transmission engines in Class Vehicles. MC lacks knowledge or information sufficient

25   to form a belief as to whether the diagrams from Arlington Mazda reflected in Paragraph 141 are

26   accurate images of the clutch disc and clutch cover installed in MY 2010 and later Class Vehicles,

27   and on that basis denies the allegations.

28

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

142.   MC admits that the allegations contained in Paragraph 142 are generic explanations of how manual transmission engines operate, but denies that the allegations accurately describe the manual transmission engines in Class Vehicles.

143.   MC admits that if the clutch fork is unable to return to its original position, the vehicle may experience slippage.  The remaining allegations in Paragraph 143 are too general and lack sufficient detail to allow MC to admit or deny, and on that basis, MC denies the allegations.

144.   Denied.

145.   Denied.

146.   Denied.

**B.     Mazda's Longstanding Knowledge of the Defect**

147.   MC admits that vehicle clutches can and will fail at various miles depending on how vehicles are driven. To the extent the allegations contained in Paragraph 147 are characterizations or summaries of the information contained in the book or website referenced in footnote 12 of the TAC, the book or website speaks for itself and no further response is required from MC; MC denies, however, that "THE COMPLETE IDIOT'S GUIDE TO AUTO REPAIR" is authoritative on how long manual transmission clutches should last. MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 regarding Plaintiff Bunch's experience with his prior vehicles, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 147.

148.   To the extent the allegations contained in Paragraph 148 are characterizations or summaries of the information contained in the owner's manual for the 2010 Mazda3, the owner's manual speaks for itself and no further response is required from MC. MC denies the remaining allegations contained in Paragraph 148.

149.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 regarding Plaintiffs' and other putative class members' experience, including as to the information allegedly posted on the Internet, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 149.

i. **Mazda Implements Several Secret Redesigns of Clutch Release Assembly for 2006 Mazda 3 Vehicles**

150. Denied.

151. MC admits that it did not disclose the Defect alleged in the TAC to Plaintiffs or to putative Class members because MC is not aware that such a Defect exists. MC denies the remaining allegations in Paragraph 151.

152. MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 regarding Plaintiff Bender's experience with her vehicle. MC admits that modifications were made to certain components in the Clutch Release Assembly, as defined in the TAC, in the Class Vehicles. MC denies the remaining allegations in Paragraph 152, including the inference drawn by Plaintiffs based on information contained on an eBay posting, as referenced in footnote 13, which speaks for itself.

153. MC admits that it has not disclosed the existence of the Defect alleged in the TAC because MC is not aware that such a Defect exists. To the extent the allegations contained in Paragraph 153 are characterizations or summaries of the information contained in Parts Flash, Reference No. RF-12-17, the document speaks for itself and no further response is required from MC. MC denies the remaining allegations in Paragraph 153.

154. Denied.

ii. **Complaints Lodged with NHTSA.**

155. MC admits that there are postings on NHTSA's ODI website at www.safercar.gov regarding clutch failures, and that it has not taken steps to recall the putative Class Vehicles based on the Defect alleged in the TAC because MC is not aware that such a Defect exists. MC denies the remaining allegations in Paragraph 155.

156. MC admits that the TREAD Act, Pub. L. No. 106-414, 114 Stat. 1800 (2000), imposes certain legal requirements on automakers. MC denies the remaining allegations in Paragraph 156.

157. MC admits that the TREAD Act imposes certain legal requirements on automakers. MC denies the remaining allegations in Paragraph 157.

158.   Denied.

159.   MC denies that it was made aware of the Defect alleged in the TAC or that it breached any obligations under any applicable limited written warranty because MC is not a warrantor. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 159, and on that basis denies the allegations.

### iii.  Customer Complaints

160.   MC denies it was made aware of the Defect alleged in the TAC and denies that it receives communications directly from customers. MC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 160 and on that basis denies the allegations.

### iv  Other Sources of Knowledge

161.   MC admits that it is experienced in the design and manufacture of consumer vehicles and that it conducts, and did conduct, pre-production testing on certain components.  However, the allegation in Paragraph 161 regarding "testing . . . of components, including the Clutch Release Assembly" is too general and lacks sufficient detail to allow MC to admit or deny, and on that basis, MC denies the allegations. MC denies the remaining allegations in Paragraph 161.

162.   MC denies that it has a National Warranty Operations (NOW) department. MC denies the remaining allegations in Paragraph 162.

163.   MC denies that it has a National Warranty Operations (NOW) department. MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 concerning the conduct of "service centers," and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 163.

164.   MC denies that Mazda service centers and independent vehicle repair shops that service Class Vehicles ordered replacement parts directly from MC. MC denies the remaining allegations in Paragraph 164.

165.   Denied.

**C.**   **Mazda's Warranty-Related Practices**

166.   MC denies that it issued a "New Vehicle Limited Warranty" and a "Powertrain Limited Warranty."

167.   To the extent Paragraph 167 contains characterizations or summaries of the information contained in the Warranty Information Booklet attached as Exhibit A to the TAC, the document speaks for itself and no further response is required from MC. MC denies the remaining allegations in Paragraph 167.

168.   To the extent Paragraph 168 contains characterizations or summaries of the information contained in the Warranty Information Booklet attached as Exhibit A to the TAC, the document speaks for itself and no further response is required from MC. MC denies the remaining allegations in Paragraph 168.

169.   MC denies that it issued "a 7-year/70,000 mile Powertrain Limited Warranty" to Class members who purchased Certified Pre-Owned Class Vehicles.

170.   MC denies it issued a "New Vehicle Limited Warranty," a "Powertrain Limited Warranty," or "a 7-year/70,000 mile Powertrain Limited Warranty." MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 regarding whether Plaintiffs and other putative Class members presented their vehicles to Mazda dealerships for warranty repairs, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 170.

171.   Denied.

## CLASS ALLEGATIONS

172.   Paragraph 172 contains allegations regarding Plaintiffs' nationwide class definition and does not require a response from MC. However, MC denies that Plaintiffs have properly defined a class or that the proposed class can be certified.

173.   Paragraph 173 contains allegations regarding Plaintiffs' alternative statewide class definitions and does not require a response from MC. However, MC denies that Plaintiffs have properly defined a class or that the proposed classes can be certified.

174.   Paragraph 174 contains allegations regarding Plaintiffs' definition of "State Classes" and does not require a response from MC. However, MC denies that Plaintiffs have properly defined a class or that the proposed classes can be certified.

175.   Paragraph 175 contains allegations regarding Plaintiffs' nationwide "Warranty Denial Subclass" definition and does not require a response from MC. However, MC denies that Plaintiffs have properly defined a class or that the proposed class can be certified.

176.   Paragraph 176 contains allegations regarding Plaintiffs' alternative statewide "Warranty Denial Subclass" definitions and does not require a response from MC. However, MC denies that Plaintiffs have properly defined a class or that the proposed classes can be certified.

177.   Paragraph 177 contains allegations regarding Plaintiffs' definition of "Warranty State Classes" and does not require a response from MC. However, MC denies that Plaintiffs have properly defined a class or that the proposed classes can be certified.

178.   Paragraph 178 contains allegations regarding Plaintiffs'' definition of the "Class" and those persons who are excluded from Plaintiffs' class definitions and does not require a response from MC. However, MC denies that Plaintiffs have properly defined a class or that the proposed classes can be certified. MC admits that Plaintiffs purport to reserve the right to amend their proposed class definition, but denies that any such amendment would be proper and reserve the right to object to any such request.

179.   Denied.

180.   Denied.

181.   Denied.

182.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and on that basis denies the allegations.

183.   Denied.

184.   Denied.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA")
Cal. Civ. Code § 1750, *et seq.*
**(By All Plaintiffs on Behalf of the Nationwide Class or, Alternatively, by Plaintiffs Humphrey and Ochmanek on Behalf of the California Class)**

-21-

1    185.   MC incorporates its preceding answers by reference.

2    186.   MC admits that Plaintiffs purport to assert the First Cause of Action on behalf of

3    themselves and all members of the Nationwide Class or, alternatively, Plaintiffs Humphrey and

4    Ochmanek assert the claim on behalf of the California Class, but MC denies that any nationwide

5    class or statewide class could properly be certified.

6    187.   MC admits that it is a "person" as that term is defined in California Civil Code

7    section 1761(c), but denies that it violated the CLRA based on the allegations contained in the

8    TAC.

9    188.   MC lacks knowledge or information sufficient to form a belief as to the truth of the

10   allegations in Paragraph 188, and on that basis denies the allegations.

11   189.   Denied.

12   190.   Denied.

13   191.   Denied.

14   192.   Denied, including as to its subparts.

15   193.   Denied.

16   194.   MC lacks knowledge or information sufficient to form a belief as to what Plaintiffs

17   and putative Class members would or would not have done had they known the information which

18   they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that

19   basis denies the allegations. MC denies the remaining allegations in Paragraph 194.

20   195.   MC admits that Plaintiffs purport to seek the relief described in Paragraph 195, but

21   denies that it violated the CLRA based on the allegations contained in the TAC and denies that

22   Plaintiffs and the putative Class are entitled to any relief in this action.

23   196.   MC admits that Plaintiffs' counsel sent a letter dated April 20, 2016, addressed to

24   President/CEO, Mazda Motor Corporation, Mazda Motor of America, Inc., 7755 Irvine Center

25   Drive, Irvine, CA 92623, on behalf of Iris Gonzalez, Lorie Bender, Charles Bunch, Anne Stom,

26   David Woodward, Greg Thomason, Lisa Massa, Dan Carney, and Megan Humphrey, by certified

27   mail, return receipt requested. MC denies the remaining allegations in Paragraph 196.

28

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

197.   MC lacks knowledge or information sufficient to form a belief as to what Plaintiffs and putative Class members would or would not have done had they known the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 197.

198. MC admits that Plaintiffs purport to seek the relief described in Paragraph 198, but denies that it violated the CLRA based on the allegations contained in the TAC and denies that Plaintiffs and the putative Class are entitled to any relief in this action.

### SECOND CAUSE OF ACTION
**VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**
CAL. BUS. & PROF. CODE § 17200
**(By All Plaintiffs on Behalf of the Nationwide Class or, Alternatively, by Plaintiffs Humphrey and**
**Ochmanek on Behalf of the California Class)**

199.   MC incorporates its preceding answers by reference.

200.   MC admits that Plaintiffs purport to assert the Second Cause of Action on behalf of themselves and all members of the Nationwide Class or, alternatively, Plaintiffs Humphrey and Ochmanek assert the claim on behalf of the California Class, but denies that any nationwide class or statewide class could properly be certified.

201.   MC admits that Plaintiffs quote from Cal. Bus. & Prof. Code § 17200, but denies that it violated the UCL based on the allegations contained in the TAC.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   MC admits that Plaintiffs purport to seek the relief described in Paragraph 207, but denies that it violated the UCL based on the allegations contained in the TAC and denies that Plaintiffs and the putative Class are entitled to any relief in this action.

### THIRD CAUSE OF ACTION
**THE SONG-BEVERLY ACT – BREACH OF IMPLIED WARRANTY VIOLATIONS**
California Civil Code §§ 1792, 1791.1, *et seq.*
**(By Plaintiffs Humphrey and Ochmanek on Behalf of the California Class)**

-23-

208.   MC incorporates its preceding answers by reference.

209.   MC admits that Plaintiffs Humphrey and Ochmanek purport to assert the Third Cause of Action on behalf of the California Class, but denies that any statewide class could properly be certified.

210.   MC admits that it was the manufacturer of the Class Vehicles but denies it was the distributor and warrantor of Class Vehicles sold in the United States. MC denies the remaining allegations in Paragraph 210.

211.   MC admits that Class Vehicles sold in California were accompanied by an implied warranty that the Class Vehicles were merchantable within the meaning of California Civil Code § 1792, subject to any applicable limitations and disclaimers. MC denies the remaining allegations in Paragraph 211.

212.   MC admits that Class Vehicles sold in California were accompanied by an implied warranty that the Class Vehicles were merchantable within the meaning of California Civil Code § 1792, subject to any applicable limitations and disclaimers. MC denies the remaining allegations in Paragraph 212.

213.   Denied.

214.   Denied.

215.   Denied.

### FOURTH CAUSE OF ACTION
**VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**
**Tex. Bus. & Com. Code § 17.01, *et seq.***
**(By Plaintiffs Gonzalez and Bender on Behalf of the Texas Class)**

216.   MC incorporates its preceding answers by reference.

217.   MC admits that Plaintiffs Gonzalez and Bender purport to assert the Fourth Cause of Action on behalf of themselves and the Texas Class, but denies that any statewide class could properly be certified.

218.   MC admits the Texas Deceptive Trade Practices-Consumer Protection Act declares as unlawful any false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. However, MC denies that it violated the Texas Deceptive Trade Practices-Consumer

Protection Act based on the allegations contained in the TAC and denies that Plaintiffs and the putative Class are entitled to any relief in this action.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied.

226.   Denied.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT**
**Fla. Stat. § 501.201,** *et seq.*
**(By Plaintiff Weeter on Behalf of the Florida Class)**

227.   MC incorporates its preceding answers by reference.

228.   A response to Paragraph 228 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

229.   A response to Paragraph 229 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

230.   A response to Paragraph 230 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

231.   A response to Paragraph 231 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

232.   A response to Paragraph 232 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

233.   A response to Paragraph 233 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

234.   A response to Paragraph 234 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

235.   A response to Paragraph 235 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

236.   A response to Paragraph 236 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the fifth cause of action without further leave to amend.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF MARYLAND'S CONSUMER PROTECTION ACT ("MCPA")**
**Md. Code, Com. Law § 13-301, *et seq.***
**(By Plaintiff Stom on Behalf of the Maryland Class)**

237.   MC incorporates its preceding answers by reference.

238.   MC admits that Plaintiff Stom purports to assert the Sixth Cause of Action on behalf of herself and the Maryland Class, but denies that any statewide class could properly be certified.

239.   MC admits that it is a "person" as that term is defined Maryland Code, Commercial Law section 13-101(H), but denies that it violated the MCPA based on the allegations contained in the TAC.

240.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and on that basis denies the allegations.

241.   Denied.

242.   Denied.

243.   Denied.

244.   MC lacks knowledge or information sufficient to form a belief as to the materiality to the Plaintiffs and putative Class members of the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 244.

245.   Denied.

246.   MC lacks knowledge or information sufficient to form a belief as to what Plaintiffs and putative Class members would or would not have done had they known the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 246.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT**
**Wash. Rev. Code § 19.86.010, *et seq.***
**(By Plaintiff Bunch on Behalf of the Washington Class)**

247.   MC incorporates its preceding answers by reference.

248.   MC admits that Plaintiff Bunch purports to assert the Seventh Cause of Action on behalf of himself and the Washington Class, but denies that any statewide class could properly be certified.

249.   MC admits that Plaintiffs quote an excerpt of Wash. Rev. Code § 19.86.020, but denies that it violated the WCPA based on the allegations contained in the TAC.

250.   Denied.

251.   Denied.

252.   Denied.

253.   MC lacks knowledge or information sufficient to form a belief as to the materiality to the Plaintiffs and putative Class members of the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 253.

254.   Denied.

255.   MC lacks knowledge or information sufficient to form a belief as to what Plaintiffs and putative Class members would or would not have done had they known the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 255.

256.   MC admits that Plaintiff Bunch purports to seek treble damages pursuant to Washington Revised Code section 19.86.090, but denies that it violated the WCPA based on the allegations contained in the TAC and denies that Plaintiff and the putative Class are entitled to any relief or treble damages in this action.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION LAW**
**73 Pa. Stat. § 201-1, *et seq.***
**(By Plaintiffs Massa and Bauer on Behalf of the Pennsylvania Class)**

-27-

257.   MC incorporates its preceding answers by reference.

258.   MC admits that Plaintiffs Massa and Bauer purport to assert the Eighth Cause of Action on behalf of themselves and the Pennsylvania Class, but denies that any statewide class could properly be certified.

259.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and on that basis denies the allegations.

260.   MC admits that Plaintiffs quote an excerpt of 73 Pa. Stat. § 201-3, but denies that it violated the PUTPCPL based on the allegations contained in the TAC.

261.   Denied.

262.   Denied.

263.   Denied.

264.   Denied.

265.   MC lacks knowledge or information sufficient to form a belief as to the materiality to the Plaintiffs and putative Class members of the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. Further, MC lacks knowledge or information sufficient to form a belief as to what Plaintiffs and putative Class members would or would not have done had they known the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 265.

266.   MC admits that Plaintiffs quote from 73 Pa. Stat. § 201-2(4)(xiv), but denies that it violated the PUTPCPL based on the allegations contained in the TAC. MC denies the remaining allegations in Paragraph 266.

267.   Denied.

268.   MC admits that Plaintiffs Massa and Bauer purport to seek treble damages pursuant to 73 Pennsylvania Statutes section 201-9.2, but denies that it violated the PUTPCPL based on the allegations contained in the TAC and denies that Plaintiffs and the putative Class are entitled to any relief or treble damages in this action.

### NINTH CAUSE OF ACTION
### VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT ("NJCFA")
### N.J.S.A. 56:8-1, *et seq.*
### (By Plaintiff Foley on Behalf of the New Jersey Class)

269.   MC incorporates its preceding answers by reference.

270.   MC admits that Plaintiff Foley purports to assert the Ninth Cause of Action on behalf of herself and the New Jersey Class, but denies that any statewide class could properly be certified.

271.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271, and on that basis denies the allegations.

272.   Denied.

273.   Denied.

274.   MC lacks knowledge or information sufficient to form a belief as to what Plaintiffs and putative Class members would or would not have done had they known the information which they claim MC allegedly failed to disclose at the time they purchased a Class Vehicle, and on that basis denies the allegations. MC denies the remaining allegations in Paragraph 274.

275.   MC admits that Plaintiff Foley purports to seek treble damages pursuant to New Jersey Statute section 56:8-19, but denies that it violated the NJCFA based on the allegations contained in the TAC and denies that Plaintiff and the putative Class are entitled to any relief or treble damages in this action.

276.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276, and on that basis denies the allegations.

### TENTH CAUSE OF ACTION
### VIOLATIONS OF NORTH CAROLINA'S UNFAIR & DECEPTIVE TRADE
### PRACTICES ACT
### ("NCUDTPA")
### N.C. Gen. Stat. § 75-1.1, *et seq.*
### (By Plaintiff Schaaf on Behalf of the North Carolina Class)

277.   MC incorporates its preceding answers by reference.

278.   A response to Paragraph 278 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the tenth cause of action without further leave to amend.

279.   A response to Paragraph 279 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the tenth cause of action without further leave to amend.

280.   A response to Paragraph 280 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the tenth cause of action without further leave to amend.

281.   A response to Paragraph 281 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the tenth cause of action without further leave to amend.

282.   A response to Paragraph 282 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the tenth cause of action without further leave to amend.

283.   A response to Paragraph 283 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the tenth cause of action without further leave to amend.

284.   A response to Paragraph 284 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the tenth cause of action without further leave to amend.

285.   A response to Paragraph 285 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the tenth cause of action without further leave to amend.

### ELEVENTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
### (On Behalf of the Warranty Subclass or, Alternatively, the Warranty State Classes)

286.   MC incorporates its preceding answers by reference.

287.   MC admits that Plaintiffs Gonzalez, Bunch, Thomason, Massa, Humphrey, Bauer, Ochmanek, Foley, Weeter, and Schaaf purport to assert the Eleventh Cause of Action on behalf of themselves and the Warranty Subclass (or, in the alternative, each of their state-specific warranty denial subclasses), but denies that any subclass or statewide class could properly be certified.

288.   MC denies that it provided all purchasers and lessees of the Class Vehicles with the express warranties described in the TAC. MC denies the remaining allegations in Paragraph 288.

289.   Denied.

290.   Denied.

291.   Denied.

292.   Denied.

293.   Denied.

**TWELFTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**
**(By Plaintiffs Weeter and Schaaf on Behalf of the Florida and North Carolina State Classes)**

294.   MC incorporates its preceding answers by reference.

295.   A response to Paragraph 295 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the twelfth cause of action without further leave to amend.

296.   A response to Paragraph 296 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the twelfth cause of action without further leave to amend.

297.   A response to Paragraph 297 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the twelfth cause of action without further leave to amend.

298.   A response to Paragraph 298 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the twelfth cause of action without further leave to amend.

299.   A response to Paragraph 299 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the twelfth cause of action without further leave to amend.

300.   A response to Paragraph 300 is not required in light of the Court's Order entered on December 18, 2017 dismissing, *inter alia*, the twelfth cause of action without further leave to amend.

**THIRTEENTH CAUSE OF ACTION**
**BREACH OF WRITTEN WARRANTY UNDER THE MAGNUSON-MOSS**
**WARRANTY ACT**
**15 U.S.C. § 2301, *et seq.***
**(On behalf of the Warranty Subclass)**

301.   MC incorporates its preceding answers by reference.

302.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 302, and on that basis denies the allegations.

303.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303, and on that basis denies the allegations.

304.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304, and on that basis denies the allegations.

305.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 305, and on that basis denies the allegations.

306.   Denied.

307.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 307, and on that basis denies the allegations.

308.   Denied.

309.   MC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 309, and on that basis denies the allegations.

310.   Denied.

311.   Denied.

312.   Denied.

**PRAYER FOR RELIEF**

312.   MC denies Plaintiffs' Prayer for Relief contained in Paragraph 312 and denies that Plaintiffs and the putative class are entitled to any relief in this action.

**GENERAL DENIAL**

313.   MC denies each and every allegation of the Third Amended Class Action Complaint not specifically admitted herein.

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE TO ALL CAUSES OF ACTION

### (Mootness)

314.   Some or all of the claims set forth in Plaintiffs' Third Amended Class Action Complaint, including claims made on behalf of the putative plaintiff class, are moot as to any putative class members to whom MNAO has provided or offered full reimbursements or complete repairs.

## SECOND DEFENSE TO ALL CAUSES OF ACTION

### (Statute of Limitations)

315.   Some or all of the claims set forth in Plaintiffs' Third Amended Class Action Complaint, including claims made on behalf of the putative plaintiff class, are barred by the applicable statutes of limitations.

## THIRD DEFENSE TO ALL CAUSES OF ACTION

### (Lack of Standing)

316.   Some or all of the claims made in Plaintiffs' Third Amended Class Action Complaint, including claims made on behalf of the putative plaintiff class, are barred because the named Plaintiffs and/or members of the putative plaintiff class lack standing.

## FOURTH DEFENSE TO ALL CAUSES OF ACTION

### (Ripeness)

317.   Some or all of the claims made in Plaintiffs' Third Amended Class Action Complaint, including claims made on behalf of the putative plaintiff class, are barred because the claims are premature, not ripe, and no actual controversy exists. Only a small percentage of customers have experienced clutch failure and therefore only a small percentage of customers have potentially ripe claims.

## FIFTH DEFENSE TO ALL CAUSES OF ACTION

### (Acts of Others)

318.   The injuries sustained or the expenses incurred by Plaintiffs, if any, were proximately and actually caused, in whole or in part, by the acts or omissions on the part of

-33-

Plaintiffs and/or others, including the unauthorized or unreasonable use of the Class Vehicles, for whose conduct MC is not responsible.

## SIXTH DEFENSE TO ALL CAUSES OF ACTION

### (Failure to Mitigate)

319.   If Plaintiffs were damaged in any manner whatsoever, or at all, then said damages, if any, or the whole thereof, were and are a result of the failure of Plaintiffs to mitigate their damages.

## SEVENTH DEFENSE TO ALL CAUSES OF ACTION

### (Bar to Equitable Remedies)

320.   Plaintiffs' claims for equitable remedies are barred due to (a) Plaintiffs and the members of the putative plaintiff class having an adequate remedy at law, (b) Plaintiffs and the putative plaintiff class' claims having been brought against improper parties because MC does not sell Class Vehicles directly to the public; and/or (c) the doctrine of primary jurisdiction.

## EIGHTH DEFENSE TO ALL CAUSES OF ACTION

### (Economic Loss Doctrine)

321.   Some or all of the claims set forth in the Third Amended Class Action Complaint, including claims made on behalf of the proposed putative class, are barred by the economic loss doctrine.

## NINTH DEFENSE TO ALL CAUSES OF ACTION

### (Limitation of Damages)

322.   To the extent Plaintiffs, or any member of the putative plaintiff class, has suffered any harm due to a defect or nonconformity in her/his 2010-2015 Mazda3 vehicle, any incidental or consequential damages are barred by express contractual limitations.

## TENTH DEFENSE TO ALL CAUSES OF ACTION

### (Lack of Personal Jurisdiction as to Unnamed Putative Class Members)

323.   The Court lacks personal jurisdiction over the claims of any unnamed putative nationwide or statewide class members that may be asserted against MC.

1

2

**ELEVENTH DEFENSE TO FIRST CAUSE OF ACTION**

**(Cal. Civil Code § 1782)**

3   324.   Some or all of Plaintiffs' claims for violation of California's Consumers Legal

4   Remedies Act, Cal. Civil Code § 1750 *et seq.*, including claims made on behalf of the proposed

5   putative class, are barred for failing to comply with the notice provision set forth in Cal. Civil

6   Code § 1782.

7

8

**TWELFTH DEFENSE TO THIRD CAUSE OF ACTION**

**(Cal. Civil Code § 1791.1(c); Cal. Civil Code § 1795.5(c))**

9   325.   Some or all of Plaintiffs' claims for breach of the implied warranty of

10   merchantability pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civil Code §§

11   1791.1, 1792, including claims made on behalf of the proposed putative class, are barred by the

12   durational limits set forth in Cal. Civil Code § 1791.1(c) and Cal. Civil Code § 1795.5(c), as

13   applicable.

14

15

**THIRTEENTH DEFENSE TO THIRD CAUSE OF ACTION**

**(Cal. Civil Code § 1793.2(d)(2)(C))**

16   326.   To the extent Plaintiffs, or any member of the putative plaintiff class, establish a

17   violation of Song-Beverly Consumer Warranty Act, Cal. Civil Code §§ 1791.1, 1792, any relief or

18   remedies awarded pursuant to the Song-Beverly Act must be offset by the amount directly

19   attributable to use by the buyer of the replaced vehicle, as set forth in Cal. Civil Code §

20   1793.2(d)(2)(C).

21

22

**FOURTEENTH DEFENSE TO THIRD CAUSE OF ACTION**

**(Cal. Civ. Code § 1794.3)**

23   327.   Some or all of Plaintiffs' claims for breach of the implied warranty of

24   merchantability pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civil Code §§

25   1791.1, 1792, are barred because any defects or nonconformities in Class Vehicles were caused by

26   the unauthorized or unreasonable use of the goods following sale.

27

28

## FIFTEENTH DEFENSE TO FOURTH CAUSE OF ACTION

### (Tex. Bus. & Comm. Code § 17.505)

328.   Some or all of Plaintiffs' claims for violation of Texas' Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41 *et seq.*, including claims made on behalf of the proposed putative class, are barred for failing to comply with the notice provision set forth in Tex. Bus. & Comm. Code § 17.505.

## SIXTEENTH DEFENSE TO ALL CAUSES OF ACTION

### (Spoliation of Evidence)

329.   Plaintiffs' claims, including claims made on behalf of the proposed putative class, should be limited or barred because of Plaintiffs' and other putative class members' loss or spoliation of evidence relevant to proving or disproving the matters alleged in the Third Amended Class Action Complaint.

## PRAYER FOR RELIEF

WHEREFORE, MC, having answered the allegations of the Third Amended Class Action Complaint and having set forth its defenses, respectfully requests that this Court enter judgment in its favor, as follows:

(1) Dismissal with prejudice of all claims in the Third Amended Class Action Complaint;

(2) Entry of a judgment for reasonable attorneys' fees and costs in favor of MC, as appropriate; and

(3) Any other relief the Court deems proper.

## DEMAND FOR JURY TRIAL

MC demands a trial by jury on all issues so triable.

Dated: January 22, 2018

Respectfully submitted,
SIDLEY AUSTIN LLP

By:   */s/ Michael L. Mallow*
Michael L. Mallow
Darlene M. Cho
Attorneys for Defendants
Mazda Motor of America, Inc.
d/b/a Mazda North American Operations
and Mazda Motor Corporation

228018029

MC'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:16-CV-02087-MMC